United States Bankruptcy Court
Southern District of Mississippi

In re: Case No. 23-01976-JAW
Erika LaShaunta Cousins Chapter 13
Debtor

# CERTIFICATE OF NOTICE

District/off: 0538-3 User: mssbad Page 1 of 1
Date Rcvd: Sep 02, 2026 Form ID: n013 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 04, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Erika LaShaunta Cousins, 301 Elton Park Dr., Apt 286, Jackson, MS 39212-8714 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 04, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 2, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Harold J. Barkley, Jr. | HJB@HBarkley13.com hbarkley13@ecf.epiqsystems.com;trusteeMSSB2M@ecf.epiqsystems.com |
| Olivia Spencer | on behalf of Creditor Ally Capital spencer@kingandspencer.net |
| Thomas Carl Rollins, Jr | on behalf of Debtor Erika LaShaunta Cousins trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

TOTAL: 4

n013−Req_13_Dsch (Rev. 12/2024)

**UNITED STATES BANKRUPTCY COURT**
**Southern District of Mississippi**

**In re:**

**Case No.: 23−01976−JAW**
**Chapter: 13**

Erika LaShaunta Cousins

## Notice to File Certification and Motion for Entry of Discharge

A Notice of Completion of Plan Payments has been filed by the Chapter 13 Trustee indicating that all required payments under the confirmed plan in this case have been completed.

Unless the debtor(s) is/are not entitled to a discharge, the debtor(s) must comply with the following requirements to receive a discharge.

## Requirements to Receive a Discharge

You must file a pleading titled: *"Debtor's Certification and Motion for Entry of Chapter 13 Discharge Pursuant to 11 U.S.C. §1328(a) and (h)"* (the "Motion" form is available on the Court's Website at www.mssb.uscourts.gov) with the Clerk's Office of the United States Bankruptcy Court wherein you request that your discharge be granted under 11 U.S.C. §1328(a) and to be "**IN COMPLIANCE"** such pleading must certify the following:

1. You have made all payments required by your confirmed Chapter 13 plan.
2. For cases filed on or after March 10, 2008, you have completed a personal financial management instructional course provided through an agency approved by the United States Trustee and have filed the certificate of completion issued by the course provider. **11 U.S.C. §1328(g)**
3. You either have no "Domestic Support Obligations" as defined at 11 U.S.C. §101(14A), or all amounts payable by you on Domestic Support Obligations that are due through the date you file the pleading (including amounts due before the petition was filed in this case, but only to the extent provided for by the plan), have been paid. **11 U.S.C. §1328(a)**
4. You have not received a discharge under chapter 7, 11 or 12 of the Bankruptcy Code during the four−year period before the date that your petition was filed in this case, and you have not received a Chapter 13 discharge during the two−year period before this case was filed. **11 U.S.C. §1328(f)(1)(2)**
5. 11 U.S.C. §522(q)(1) is not applicable to you or, if applicable, subsections (A) and/or (B) of §522(q)(1) are not applicable to you. **11 U.S.C. §1328(h)(1), (2) and §522(q)(1)(A), (B)**

The Motion must be signed by the debtor(s) and the attorney of record, filed with the Court, and a copy served by the debtor(s) on all creditors and parties in interest included on the Court's mailing matrix within thirty (30) days of the filing date of the Chapter 13 Trustee's Notice of Completion of Plan Payments. The Motion must provide a twenty−one (21) day objection period. If a response/objection is filed, the matter will be set for hearing. If no timely response/objection is filed, the Court may enter a discharge order.

If the debtor(s) is/are unable to certify as to the truth and correctness of the assertions on the form Motion but believe(s) that a discharge is warranted nevertheless, the debtor(s) should draft and file a motion for discharge explaining why the assertions in the form Motion cannot be certified and further explaining why a discharge should be granted.

Failure to file the Motion within thirty (30) days of the filing date of the Chapter 13 Trustee's Notice of Completion of Plan Payments, may result in your case being closed without an entry of discharge. If the debtor(s) subsequently files a motion to reopen the case to allow for the entry of discharge, the debtor(s) must pay the full reopening fee due for the filing of the motion to reopen.

Date: 9/2/26

Danny L. Miller, Clerk
Thad Cochran U.S. Courthouse
501 E. Court Street
Suite 2.300
Jackson, MS 39201